UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : Case No.  1:CR-94-171-01
: (Judge Rambo)
**v.** :
:
**SALVATORE PURPURA** :

# M E M O R A N D U M

This Court has jurisdiction over the petition for writ of error coram nobis, made available to federal courts in criminal matters under the All Writs Act, 28 U.S.C. § 1651(a), in aid of the courts' jurisdiction over criminal proceedings pursuant to 18 U.S.C. § 3231.  The writ of error coram nobis "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purpose of 28 U.S.C. §§ 2255." United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989)(citing United States v. Morgan, 346 U.S. 502, 512-13, 74 S.Ct. 247, 98 L.Ed. 2d 248 (1954)).  The writ is available to "persons not held in custody [to] attack a conviction for fundamental defects, such as ineffective assistance of counsel." United States v. Rad-O-Lite of Philadelphia, Inc., 612 F.2d 740, 744 (3d Cir. 1979).  Coram nobis relief is "reserved for exceptional circumstances,"

United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988), and it is appropriate only "to correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exists for failing to seek relief earlier," Stoneman, 870 F.2d at 106 (quoting Morgan, 346 U.S. at 512, 74 S. Ct. 247).

The petitioner is 64 years old and resides in Mechanicsburg, PA.  He is a married, permanent resident legal alien who was born in Italy.  In 1994, a two-count criminal Information was filed by the United States against Purpura charging him in each count with making false statements on his federal income tax returns in violation of 26 U.S.C. § 7206(1).  An investigation by the United States into the criminal conduct of another person led to the examination of Purpura's income tax returns.  It was determined that his tax returns incorrectly certified that Purpura did not have any financial interest in bank accounts in his native country of Italy or in any foreign nation during the two years in question, 1990 and 1991.  In fact, Mr. Purpura did maintain bank accounts during that period of time in Italy.  However, it was also determined that these mis-statements did not result in any tax loss to the United States.  The investigation further established that Purpura was not involved in any way in the criminal

conduct of the other person. Purpura admitted to the conduct, was cooperating with the United States and agreed to use his best efforts to secure the return of money from the accounts in Italy that was being held for the person under investigation and to provide those funds to the United States.  All of these facts were placed on the record at the change of plea proceeding on August 18, 1994.

Purpura was sentenced on January 19, 1995.  After reviewing the Pre-Sentence Investigation Report and hearing from the parties, and after considering the underlying facts of the case and that the United States suffered no tax loss as a result of Purpura's failure to disclose these bank accounts, this court chose to impose a sentence of no more than a fine of $4,000, consisting of a $2,000 fine on each count.  This court also imposed a $100 special assessment.  Purpura was not ordered to serve any term of probation or supervised release.  The sentence of a fine only reflected this court's consideration of the offense conduct and Mr. Purpura's otherwise law abiding life and productive citizenship in the United States.

The plea to these charges was pursuant to a plea agreement with the United States.  This court's review of the plea agreement and the guilty plea colloquy reveals that Purpura was never advised by the government

or by this court of the deportation consequences he faced as a result of his criminal convictions.  In affidavits submitted by Purpura to this court in support of his petition for writ of error coram nobis, both attorneys who represented Purpura before this court on these charges stated that they never advised Purpura of the possible adverse immigration consequences of pleading guilty to these federal charges.

More than 15 years after Mr. Purpura appeared before this court for sentencing, the United States Immigration and Naturalization Service has instituted removal proceedings against him pursuant to § 240 of the Immigration and Nationality Act.  Removal proceedings are based on the judgment of conviction and sentence in this matter because the offense allegedly constitutes a crime against moral turpitude under § 212(a)(2)(A)(i)(I) of the Act.  A removal hearing is scheduled for May 2012.  Purpura faces removal from the United States and deportation to Italy, a consequence no one could have envisioned when he pled guilty and was ordered to pay a fine in January of 1995.

The United States Supreme Court recently observed that "[d]eportation is a particularly severe penalty," Padilla v. Kentucky, ___ U.S. ___, 130 S.Ct. 1473, 1481, 176 L.Ed. 2d 284 (2010), and qualifies as

a type of continual consequence that may warrant coram nobis relief. The Padilla Court also observed that reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence. Padilla, 130 S.Ct. at 1483 (quoting INS v. St. Cyr, 553 U.S. 289, 323, 121 S.Ct. 2271, 150 L.Ed. 2d 347 (2001)).

In United States v. Orocia, 645 F.3d 630, 645 (3d Cir. 2011), the Third Circuit recently reversed a district court's holding dismissing a petition for writ of error coram nobis without conducting an evidentiary hearing. The Court, in holding Padilla to be retroactively applicable, stated the following:

> For the alien defendant most concerned with remaining in the United States, especially a legal permanent resident, it is not at all unreasonable to go to trial and risk a 10-year sentence and guaranteed removal, but with the chance of acquittal and the right to remain in the United States, instead of pleading guilty to an offense that, while not an aggravated felony, carries 'presumptively mandatory' removal consequences. Just as 'the threat of [removal] may provide the defendant with a powerful incentive to plead guilty to an offense that does not mandate that penalty in exchange for a dismissal of a charge that does,...the threat of removal provides an equally powerful incentive to go to trial if a plea would result in removal anyway.

Mr. Purpura was 45 years old at the time he entered into the plea agreement with the United States and had been living an otherwise law-abiding, productive life in the community.  It is clear to this Court that under these circumstances, Purpura rationally could have been more concerned about being banished from the United States as a result of his convictions than serving a prison sentence if he proceeded to trial.

In any event, the court concludes that there is no need for a hearing to establish that Mr. Purpura was prejudiced and would suffer a staggering consequence if he is ordered removed from this country as a result of what this court believes to be an uninformed, unknowing, and unintelligent guilty plea entered in 1994.  This court further finds it unnecessary to make a finding that Mr. Purpura's lawyers provided less than effective representation to him.  The record is clear that no one, i.e., this Court, the Assistant United States Attorney prosecuting the case, or defense counsel, ever envisioned such a draconian result based on the conduct underlying these convictions.  The fact that the United States concurs in this motion validates this court's belief that Mr. Purpura's guilty plea was not voluntarily, knowingly and intelligently entered. This court is likewise confident that had the United States Attorney's Office and defense counsel

been aware that deportation was a possible consequence of Purpura's guilty pleas, they most certainly would have fashioned a plea agreement that would have eliminated deportation as a possible consequence. An appropriate order will be issued.

                                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated:  March 5, 2012.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No.  1:CR-94-171-01 |
| | : | (Judge Rambo) |
| v. | : | |
| | : | |
| **SALVATORE PURPURA** | : | |

## O R D E R

**AND NOW** this 5th day of March, 2012, upon consideration of Purpura's petition for writ of error coram nobis, and noting the government's concurrence in the Motion, **IT IS HEREBY ORDERED** that the Motion is **GRANTED.**  Mr. Purpura's guilty pleas as to both counts of the criminal Information at 1:CR-94-171-01 are withdrawn and his convictions are vacated.

                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated:  March 5, 2012.